## MOHR v. WETHERILL et al.

(City Court of New York, General Term. December 13, 1900.)

1. NEGLIGENCE—EVIDENCE—SUFFICIENCY—SUBMISSION TO JURY.

Plaintiff, while delivering coal on defendant's premises to a tenant, was injured by the falling of a dumb-waiter used to hoist the coal, caused by the breaking of the top board to which the center rope was attached and the breaking of the rope. It appeared that defendant's janitor was notified of the defective condition of the dumb-waiter about two months before, and that ordinary care would have revealed the defects. There was a conflict in the evidence as to rottenness of the board, and the frayed condition of the rope. Held. that there was sufficient evidence of defendant's negligence to be submitted to the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, while delivering coal to a tenant on defendant's premises, was injured by the falling of a dumb-waiter used to hoist the coal, and the evidence as to his contributory negligence was such that different minds might draw different inferences therefrom, it was properly submitted to the jury.

3. DAMAGES—INJURIES—NEGLIGENCE—EXCESSIVE VERDICT.

The evidence showed plaintiff's wrist injured, and the bones fractured, causing pain; the fingers cramped, and the hand crippled; that his hand was in a plaster cast for five weeks, and he carried it in a sling for two months, and that it is not as strong as before, and plaintiff cannot lift anything with it. Held, that a verdict for $1,250 was not excessive.

Appeal from trial term.

Action for injuries by Philip Mohr against Kate A. Wetherill and others. From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and O'DWYER, JJ.

Evarts, Choate & Beaman, for appellant Kate A. Wetherill.

John S. Sheppard, Jr., guardian ad litem, for infant appellants.

Frank Herwig, for respondent.

SCHUCHMAN, J. This is an action to recover damages for personal injuries occasioned to plaintiff by reason of the defendant's negligence. Plaintiff alleges that while he was lawfully upon a five-story flat house, owned by the defendant, in the act of delivering coal to a tenant, and hoisting the coal on the dumb-waiter to the top floor, the dumb-waiter, on account of the rotten condition of the top board to which the center rope was attached, and the frayed and worn-out condition of the rope, fell, and injured his wrist and arm. There is evidence that the janitor or caretaker of defendants' premises was notified of the defective condition of the dumb-waiter about two months before the accident occurred, that the defects existed for about two months, and that the exercise of ordinary care or inspection would have revealed the defects. There is a sharp conflict in the evidence in regard to the rottenness of the top board of the dumb-waiter; not so much so in regard to the frayed or worn-out condition of the rope, however. There is no doubt whatever that the rope did break, that the dumb-waiter did fall, and that the plaintiff was struck by it on his wrist, and was injured. There was sufficient evidence of the defendants' negligence to be submitted to the jury.

In regard to plaintiff's contributory negligence the evidence is of such a nature that different minds might draw different inferences, and we think that that question was properly left to the jury. The evidence shows that plaintiff's wrist was injured, and the bones fractured; that the bones stick out at the wrist, the fingers are cramped up, and the hand crippled; that a physician put the hand in plaster of Paris for two weeks, and in a second plaster of Paris for three weeks; that plaintiff carried his hand in a sling for two months; that his hand was not as strong after the accident as before; that he cannot lift anything with the injured hand, except a small stick; and that he suffered pain. Considering this evidence, we cannot assert that a verdict of $1,250 is excessive.

Judgment and order appealed from affirmed, with costs. All concur.